FILED
APR 16 2015
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Michael Weilert and<br>Genevieve M. de Montremare,<br><br>Debtors. | Case No. 13-16155-B-7<br><br>DC No. WW-5 |
| In re<br><br>M&G Weilert Family, L.P., | Substantively Consolidated Case:<br><br>Case No. 13-16156-B-7 |

## MEMORANDUM DECISION REGARDING MOTION TO AVOID JUDICIAL LIEN

Michael J. Fletcher, Esq., of Walter & Wilhelm Law Group, appeared on behalf of the debtors, Michael Weilert and Genevieve M. de Montremare.

Cheryl A. Skigin, Esq., appeared on behalf of the respondents, Brian L. Gwartz and Cheryl A. Skigin, Co-Trustees of the Pendragon Trust.

Before the court is a motion to avoid a judicial lien pursuant to the authority of 11 U.S.C. § 522(f)(1)(A)[1] (the "Motion") filed by the debtors, Michael Weilert and Genevieve M. de Montremare (the "Debtors"). The property which the Debtors seek to protect is their residence located on Marion Lane in Clovis (Fresno County), California (the "Marion Property" or the "Property"). However, the Debtors do not hold title to the Marion Property, it is held in a revocable trust. For the reasons set forth below, the lien avoiding power of § 522(f)(1)(A) is not applicable to the Marion

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005, Pub. L. No. 109-8, 119 Stat. 23.

Property and the Motion will be denied.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052 and 9014. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 522, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

**BACKGROUND AND FINDINGS OF FACT.**

At the commencement of the case, co-debtor Genevieve M. de Montremare ("Genevieve") held a beneficial interest in a revocable trust known as the Madonna Della Pieta Trust, (the "Madonna Trust"). The Madonna Trust was created by Genevieve in February 2009. Genevieve is the sole beneficiary of the Madonna Trust, and if it is not revoked, upon Genevieve's death the Madonna Trust will continue for the benefit of the Debtors' daughter. On the same day that the Trust was created, the Debtor, Michael Weilert ("Weilert"), executed a grant deed conveying the Marion Property to the Madonna Trust.[2]

In October 2012, the Fresno County Superior Court entered a $1.55 million money judgment against the Debtors in favor of the respondents, Brian L. Gwartz and Cheryl A. Skigin as co-trustees of the Pendragon Trust ("Pendragon"). Subsequently, in January 2013, Pendragon recorded an abstract of judgment in the Fresno County property records. The recording of that document created a lien against all of the Debtors' real property in Fresno County (California Code of Civil Procedure ("CCP") 697.310(a); the "Pendragon Lien" or the "Lien").

---

[2] Weilert acquired the Marion Property in 2008 and held title as his "sole and separate property."

The Debtors commenced this bankruptcy under chapter 7 on September 13, 2013. The Marion Property is reported in the schedules to be the Debtors' primary residence. It is valued at $429,000 and is subject to a mortgage in favor of M&T Bank in the amount of $289,000. The Debtors claimed a homestead exemption for the Marion Property in the amount of $175,000 (the "Homestead Exemption"). The mortgage and the Homestead Exemption together exceed the stated value of the Marion Property and on April 2, 2015, this court entered an order granting the Debtors' motion compelling abandonment of "the bankruptcy estate's interest" in the Marion Property.[3]

**ISSUES PRESENTED.**

The parties have raised numerous issues in the pleadings regarding, *inter alia*, the validity and calculation of the Homestead Exemption. *See* fn. 3 above. However, the threshold issue, which the court will address here, is whether the Debtors have a right under § 522(f)(1) to avoid the Pendragon Lien as an encumbrance against the Marion Property. If § 522(f)(1) is not applicable to the Marion Property, then Pendragon's objections to the Homestead Exemption are irrelevant to a resolution of this Motion.

**ANALYSIS AND CONCLUSIONS OF LAW.**

The Debtors seek an order which essentially expunges the Pendragon Lien from the Marion Property on the grounds that the Lien impairs their $175,000 Homestead Exemption. The authority for that relief is found in

---

[3] The chapter 7 trustee had previously stipulated to abandon the Marion Property and did not oppose the Debtors' motion. The court did not make any findings regarding the validity or amount of the Homestead Exemption. Pendragon has a pending objection to the Homestead Exemption (Doc. No. 214), which the court has continued pending this ruling. The bankruptcy estate no longer has any interest in the Marion Property and, in light of the court's ruling below, it is not clear that the bankruptcy court still has jurisdiction to decide Pendragon's objection.

§ 522(f)(1)(A) which provides, in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions . . . debtor may avoid the *fixing of a lien on an interest of the debtor in property* to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien . . . .

§ 522(f)(1)(A) (emphasis added).

Here, there is no dispute that the recording of Pendragon's abstract of judgment created a "judicial lien" within the meaning of § 522(f)(1)(A). However, in a 1991 landmark decision, the U.S. Supreme Court narrowed the application of § 522(f)(1) by ruling that the avoiding power in § 522(f)(1) only applies if the debtor "possessed an interest to which a lien attached, before it attached . . . ." *Farrey v. Sanderfoot*, 500 U.S. 291, 301, 111 S.Ct. 1825, 114 L.Ed. 2d. 337 (1991).

The issue before the court therefore is, did the Debtors possess an interest in the Marion Property to which the Pendragon Lien would have attached in January 2013, when the Lien was recorded in the County records? In this case, there are two parts to that question, both of which must be answered in the affirmative for the Debtors to prevail. At the time the Pendragon Lien was recorded, did the Debtors *have an interest* in the Marion Property and, if so, did the Lien *attach* to that interest?

Addressing first the "Debtors' interest" issue, it is undisputed that legal title to the Marion Property is, and at all relevant times has been, vested in the Madonna Trust. Weilert's interest in the Marion Property terminated in 2008 when he conveyed the Property to the Madonna Trust. Genevieve's interest in the Marion Property is that of a trust beneficiary.

One bankruptcy court addressed this issue, on similar facts, in *In re Bogetti*, 349 B.R. 14 (Bankr. E.D. Cal. 1996). In *Bogetti*, the debtors tried

4

1  to avoid a judicial lien against their residence using the power of
2  § 522(f)(1)(A). However, title to the property was held in a self-settled
3  revocable trust. The court first noted that the debtors held only a beneficial
4  interest in the trust. Legal title to the trust *res* was vested in the trust. *In re*
5  *Bogetti*, 349 B.R. at 18. After much discussion about creditor rights and
6  revocation of the trust, the court ruled against the debtors:

> This motion [under § 522(f)(1)(A)] is necessary only insofar as it is possible to avoid the fixing of the judicial lien on the real property. Because the debtors did not own that property when the petition was filed, this is not possible. *The debtors may not utilize section 522(f)(1)(A) to avoid a judicial lien that encumbers property owned by another.*

11 *Id.* (emphasis added).
12        The court finds the analysis in *Bogetti* to be persuasive and
13 consistent with applicable law. Thus, the fact that the Madonna Trust, and
14 neither of the Debtors, owned the Marion Property means that § 522(f)(1)
15 has no application here.
16        Turning now to the "fixing of the lien" issue, based on the plain
17 language of § 522(f)(1) and applicable law, the court would have to find
18 that there was a "fixing of the [judicial] lien" against Genevieve's interest
19 in the Marion Property in order for § 522(f)(1) to apply. The enforcement
20 of judgments is governed by state law. It is generally recognized that a
21 judgment debtor's "interest in a trust" may be subject to the enforcement of
22 a money judgment "to the extent provided by law." CCP § 695.030(b)(1).
23 The applicable law here is CCP § 697.340(c) and it specifically excludes
24 Genevieve's beneficial interest in the Madonna Trust from the normal lien
25 attachment process:
26 / / /
27 / / /
28 / / /

5

> (a) A judgment lien on real property attaches to all interests in real property in the county where the lien is created (whether present or future, vested or contingent, legal or equitable) that are subject to enforcement of the money judgment against the judgment debtor . . . but does not reach rental payments, a leasehold estate with an unexpired lease of less than two years, *the interest of a beneficiary under a trust* . . . .

CCP § 697.340 (emphasis added).

Indeed, California law has a separate provision for the enforcement of a judgment against the *res* of a trust. That process requires a separate application and is subject to the supervision of a court with jurisdiction over the trust.

> § 709.010. Trust defined; enforcement of money judgment against interest in trust
>
> . . .
>
> (b) the judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment *only upon petition under this section by a judgment creditor to a court having jurisdiction over administration of the trust* as prescribed in Part 5 (commencing with Section 17000) of Division 9 of the Probate Code. *The judgment debtor's interest in the trust may be applied to the satisfaction of the money judgment by such means as the court, in its discretion, determines are proper, including but not limited to imposition of a lien on or sale of the judgment debtor's interest, collection of trust income, and liquidation and transfer of trust property by the trustee.*

CCP § 709.010 (emphasis added).

California Code of Civil Procedure 709.010 "provides the exclusive means for a judgment creditor to levy against a trust interest, and gives the court discretion to satisfy the judgment from the judgment debtor's interest in the trust. . . ." *Nordin v. Fleming*, 2003 WL 22205629 (Cal.App. 6 Dist. 2003).

Based on the statutory scheme, it is clear that the recording of an abstract of judgment does not automatically "fix a lien" against the *res* of a

trust or the judgment debtor's beneficial interest in the trust, even though that interest may be ultimately liquidated to satisfy the judgment. Pendragon can get a lien against the Marion Property, and seek to enforce its money judgment against the Property, only if and when a court of proper jurisdiction exercises its discretion to order such relief.

**CONCLUSION.**

Based on the foregoing, the court finds and concludes that the right to avoid the Pendragon Lien under § 522(f)(1)(A) does not apply to the Marion Property. Accordingly, the Motion will be denied.

Dated: April __16__, 2015

W. Richard Lee
United States Bankruptcy Judge

## Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Peter L. Fear, Esq.
Fear Law Group
7750 North Fresno Street, Suite 101
Fresno, CA 93720

Michael J. Fletcher, Esq.
Walter & Wilhelm Law Group
205 E. River Park Circle, Ste. 410
Fresno, CA 93720

Cheryl A. Skigin, Esq.
8502 East Chapman Avenue, Ste. 616
Orange, CA 92869

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721