Case 13-16155   Filed 05/26/15   Doc 382

POSTED ON WEBSITE

FILED
MAY 26 2015
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Michael Weilert and<br>Genevieve M. de Montremare,<br><br>    Debtors. | Case No. 13-16155-B-7<br><br>DC No. PLF-8 |
| In re<br><br>M&G Weilert Family, L.P., | Substantively Consolidated Case:<br><br>Case No. 13-16156-B-7 |

**MEMORANDUM DECISION REGARDING TRUSTEE'S OBJECTION TO EXEMPTION AND MOTION TO COMPEL TURNOVER OF PROPERTY**

Peter L. Fear, Esq., of the Law Offices of Peter L. Fear, appeared on behalf of the chapter 7 trustee, James E. Salven.

Michael J. Fletcher, Esq., of Walter & Wilhelm Law Group, appeared on behalf of the debtors, Michael Weilert and Genevieve M. de Montremare.

      Before the court is a contested matter filed by the chapter 7 trustee, James E. Salven (the "Trustee"). The Trustee asks the court to disallow an exemption (the "Objection") claimed by the debtors, Michael Weilert and Genevieve M. de Montremare (the "Debtors") applicable to the funds - approximately $23,000 - they hold in some individual retirement accounts (the "IRA Accounts"). The Trustee also seeks an order compelling the Debtors to turn over the funds to which the Objection applies (the "Turnover Motion").[1] The Turnover Motion is contingent on the outcome of the Objection. There are no factual disputes and both matters hinge on

---

[1] The Objection and the Turnover Motion are really two contested matters joined in one pleading (Doc. No. 210). They are reflected in the court's docket as two matters.

an interpretation of the relevant California exemption statute. Because the Objection is based on a misinterpretation of the statute, it will be overruled and the Turnover Motion will be denied.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052 and 9014. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 522,[2] and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (E) and (O).

**BACKGROUND AND FINDINGS OF FACT.**

After the hearing on this matter the parties submitted a list of stipulated facts and a joint statement of the issues (Doc. No. 330). Neither party requested an evidentiary hearing. Based thereon, and on the court's review of the record, the following facts appear to be undisputed.

This bankruptcy commenced as a voluntary petition under chapter 7 in September 2013. On Schedule B (Doc. No. 19), the Debtors listed several IRA Accounts, including the following:

    a. Vanguard - IRA (W) in the amount of $10,600.

    b. Charles Schwab IRA (W) in the amount of $6,000.

    c. Charles Schwab IRA (x3) (H) in the amount of $89,355.

    d. Options Express IRA (H) in the amount of $4,984.

The Debtors also exempted these assets on Schedule C pursuant to Cal. Code of Civ. Proc. ("CCP") § 704.115, which applies to any traditional

---

[2] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005, Pub. L. No. 109-8, 119 Stat. 23.

2

or rollover IRA which is "qualified" as a retirement plan under 26 U.S.C. § 408. There is no dispute that the subject IRA Accounts are qualified as private retirement plans under the Internal Revenue Service ("IRS") code.

In 2011, the Debtors made three contributions to the IRA Accounts in the aggregate amount of $11,000. In 2012, the Debtors made three contributions to the Accounts in the aggregate amount of $11,597.22. In 2013, the Debtors made one contribution in the amount of $6,000 (collectively referred to hereafter as the "IRA Contributions"). In each of these years, the maximum cumulative amount that the Debtors were permitted to contribute to their IRA Accounts, pursuant to regulations promulgated by the IRS, was $12,000, $12,000, and $13,000, respectively. The parties agree that the disputed IRA Contributions did not exceed the applicable limits set by the IRS.

While the Debtors did not "overfund" the IRA Accounts, they also were not able to deduct the IRA Contributions from their otherwise taxable income. Generally, joint tax filers can deduct from their income contributions they make to traditional IRA Accounts before calculating their federal taxes. However, that deduction is not available where one of the joint tax filers is covered by a retirement plan through work and the joint tax filers' modified adjusted gross income is greater than $116,000. While these conditions *do not* affect the applicable contribution limits, they do affect the *deductibility* of those contributions from the joint filers' taxable income.

In each of the relevant tax years, Michael Weilert was covered by a retirement plan through his work. In addition, the Debtors' modified adjusted gross income in each of those years was greater than $116,000. Accordingly, the Debtors were not able to deduct the IRA Contributions from their taxable income. However, there is no dispute that the Debtors

3

complied with the IRS regulations governing the maximum contribution limits.

**ISSUES PRESENTED.**

The Trustee filed a timely objection to each of these exemptions.[3] The Trustee asks the court to disallow the exemption of the IRA Accounts designated a, b, and d above, and $2,000 of IRA Account c. In total, he asks for an order compelling the Debtors to turn over $23,584 to the estate. The sole basis for the Trustee's Objection is the fact that the Debtors were not able to deduct the IRA Contributions from their income for federal tax purposes.

The issue here is whether the California exemption statute CCP § 704.115 applies to the IRA Contributions, funds which the Debtors were legally entitled to contribute to the IRA Accounts, but which the Debtors could not deduct from income on their federal tax returns.

**APPLICABLE LAW.**

The general set of California exemptions is found in chapter 4 of Title 9 of the CCP (§§ 703.010–704.995). *See* CCP § 704.140(a). The exemption statute applicable here is CCP § 704.115 (the "Statute").[4] The

---

[3]The meeting of creditors under § 341(a) was not concluded until September 26, 2014, after which the Trustee filed a Notice of Assets directing creditors to file proofs of claim. This Objection was filed on October 24, 2014, in compliance with Rule 4003(b)(1). However, the Trustee did not file a notice of hearing for the Objection and Turnover Motion until February 24, 2015. The contested matters were first heard on March 26.

[4]In pertinent part, with emphasis added, the Statute reads:

(a) As used in this section, "private retirement plan" means:
   . . .

   (3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or

4

courts are required to construe CCP § 704.115 "liberally . . . for the benefit of the debtor." *Lieberman v. Hawkins (In re Lieberman)*, 245 F.3d 1090, 1092 (9th Cir. 2001).

The courts must endeavor to determine the legislative intent from the language of the statute. *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023 (2004). This analysis begins with subpart (b) of the Statute which provides in pertinent part the underlying basis for exemption of the IRA Accounts:

> (b) All amounts held, controlled, or in process of distribution by a *private retirement plan . . . are exempt*.

(Emphasis added.)

The Trustee's Objection turns on the interpretation of subsection (a)(3) of the Statute which defines the term "private retirement plan" and limits the exemption to amounts held in the plan that are exempt from federal income taxation:

> 408A of that code, *to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.*
>
> (b) *All amounts held*, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan *are exempt*.
> . . .
>
> (d) After payment, the amounts described in subdivision (b) and all contributions and interest thereon returned to any member of a private retirement plan are exempt.
>
> (e) Notwithstanding subdivisions (b) and (d) . . . the amounts described in paragraph (3) of subdivision (a) *are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires* and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires. . . .

5

(a) As used in this section, "private retirement plan" means:

. . .

(3) [A]ccounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, *to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.*

(Emphasis added.)

Subsection (e) of the Statute includes a further limitation on the exemption of funds held in a private retirement account based on the debtor's personal financial situation.[5]

(e) Notwithstanding subdivisions (b) . . . in the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for *the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor* when the judgment debtor retires. . . .

(Emphasis added.)

**Burden of Proof.** It is well accepted in the Ninth Circuit that a claimed exemption is presumptively valid. *In re Carter*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999) (citations omitted). Once the exemption has been claimed, "the objecting party has the burden of proving that the exemptions are not properly claimed." Rule 4003(c); *In re Davis*, 323 B.R. 732, 736 (9th Cir. BAP 2005). This means that the objecting party not only has the burden of producing evidence rebutting the presumptively valid exemption but also the ultimate burden of persuasion. *Carter*, 182 F.3d at 1029 n.3. Therefore, even if the presumption of validity is rebutted with evidence from the objecting party forcing the debtor to come forward with unequivocal evidence to support the exemption, "[t]he burden of persuasion

---

[5]The Trustee has not objected to the Debtors' exemption of the IRA Accounts based on subsection (e) of the Statute.

6

. . . always remains with the objecting party." *Id.* Here, the Trustee, as the objecting party, has the burden of production and persuasion to show that CCP § 704.115 does not apply to the IRA Accounts.

**ANALYSIS AND CONCLUSIONS OF LAW.**

The Trustee suggests that the disputed IRA Accounts are not exempt based on the defining phrase in CCP § 704.115(a)(3), "to the extent the amounts held in the account do not exceed the maximum amounts *exempt from federal taxation*." But upon closer examination, the Trustee is really arguing that the IRA Contributions, as opposed to the IRA Accounts themselves, are not exempt because they *were not deductible* from the Debtors' income. What then is the distinction between the concepts of "exempt from taxation" and "deductible from income"? To answer that, the court must look to the IRS code and the ways in which the IRA Accounts and the IRA Contributions might be subject to taxation.[6]

---

[6]The IRS provides guidance on IRA contribution limits on its website, http://www.irs.gov/Retirement-Plans/Plan-Participant,-Employee/Retirement-Topics-IRA-Contribution-Limits, where it lists the consequences of running afoul of the IRA contribution limits:

"Tax on excess IRA contributions. An excess IRA contribution occurs if you:

•Contribute more than the contribution limit.
•Make a regular IRA contribution to a traditional IRA at age 70½ or older.
•Make an improper rollover contribution to an IRA.

*Excess contributions are taxed at 6% per year as long as the excess amounts remain in the IRA*. The tax can't be more than 6% of the combined value of all your IRA[ ] [Accounts] as of the end of the tax year. T

To avoid the excess contributions tax:

•withdraw the excess contributions from your IRA by the due date of your individual income tax return (including extensions); and
•withdraw any income earned on the excess contribution."

(Emphasis added.)

As discussed below, the Debtors complied with the limits imposed on their IRA Contributions, but they were not able to deduct those Contributions from their income. As a result, the IRA Contributions were taxed as regular income when the Debtors filed their tax returns. That tax was imposed on the Debtors' income, not on the IRA Accounts themselves.

Conversely, the IRA Accounts would be subject to a tax had they been overfunded. The IRS code and regulations limit the amount which an individual may deposit into a qualified private retirement plan without penalties or taxation. In the case, *inter alia*, that an individual contributes more than the contribution limit under the IRS code, the excess amount *held in the IRA* is taxed at 6% per year as long as that excess amount remains in the IRA account. Here, there is no dispute that the Debtors *did not* overfund their IRA Accounts. Accordingly, the IRS Accounts are "exempt" from the 6% tax and other possible penalties, that would be imposed if the Accounts held too much money.

When construed as a whole, CCP § 704.115 cannot be read consistently with the interpretation offered by the Trustee. CCP § 704.115 contains two tests for determining whether funds held in an IRA are exempt. The first test stated in subsection (a)(3) is objective, *i.e*, it requires the court to consider only the IRS statutes and regulations and determine whether all of the funds previously contributed to, and held in the retirement account, are "exempt from federal income taxation." In other words, subsection (a)(3) appears to contemplate the *funds held* in the entire retirement plan, without regard to the owner's particular circumstances. Conversely, the second test, stated in subsection (e) is subjective, *i.e.*, it requires the court to consider the debtor's personal financial situation at the time of retirement and his or her ability to support dependents. Unlike the objective test, the second inquiry appears to be unrelated to the "tax

exempt" status of the retirement plan itself. Notably, nowhere in § 704.115 is there any reference to the tax treatment applicable to the IRA Contributions themselves.

The Trustee contends, in essence, that both of the tests described in the Statute are subjective. In addition to the Debtors' "subjective" personal financial situation at the time of retirement, the Trustee wants the court to use the (a)(3) test to consider the Debtors' "subjective" personal ability to deduct the IRA Contributions from income on their federal tax returns. The Debtors, however, argue that the qualification in subsection (a)(3) is an objective one. The court agrees.

If the California legislature had intended subpart (a)(3) of the Statute to be a subjective test, *i.e.*, based on the Debtors' personal ability to deduct the IRA Contributions from income in any given year, it could have done so with clear and unambiguous language. The relevant term of the Statute would simply read, for example, ". . . to the extent the amounts held in the plans, annuities, or accounts are traceable to contributions that were deductible from income for federal taxation."

A review of other exemptions in California law confirms that the legislature knew how to qualify an exemption based on *subjective* factors. For example, in § 704.140(b), the legislature has subjectively conditioned the exemption of funds received on account of a personal injury: "[A]n award of damages or a settlement arising out of personal injury *is exempt to the extent necessary for the support* of the judgment debtor and spouse and the dependents of the judgment debtor." (Emphasis added.)

California's exemption law includes other statutes in which the exemption is based on both an "objective" test, applicable to the nature of the assets itself, and a "subjective" test applied to the debtor's personal situation. For example, the "tools of the trade" exemption found in CCP

9

§ 704.060 includes both tests. The objective test in § 704.060(a) relates only to the description and value of the exempt asset:

> (a) Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed [(1)-(3) contain objective monetary limits on the value of what can be exempted].

The "subjective test" found in § 704.060(c) relates to the number and usage of the debtor's other vehicles.

> (c) Notwithstanding subdivision (a), a motor vehicle is not exempt under subdivision (a) if there is a motor vehicle exempt under Section 704.010 which is reasonably adequate for use in the trade, business, or profession for which the exemption is claimed under this section.

**The Turnover Motion.** The Trustee's right to compel turnover of the IRA Accounts arises under § 542(a), which states, in pertinent part:

> [A]n entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Since the Debtors have properly exempted the IRA Accounts, there is no value in the IRA Accounts for unsecured creditors. The IRA Accounts are of inconsequential value or benefit to the estate. Conversely, turnover of the IRA Accounts is not warranted.

**CONCLUSION.**

Based on the foregoing, the court is not persuaded that the term "exempt from federal income taxation" in CCP § 704.115(a)(3) means "actually deducted from the Debtors' income." The fact that the Debtors could not deduct the IRA Contributions from their income for federal tax

10

purposes is irrelevant to the question of whether the IRA Accounts themselves remained "exempt" from taxation after they were funded. Accordingly, the Trustee's Objection to the Debtors' exemption of the IRA Accounts will be overruled. Consequently, there is no basis to compel the Debtors to turn over any funds held in their IRA Accounts and the Turnover Motion will be denied.

Dated: May __26__, 2015

W. Richard Lee
United States Bankruptcy Judge

11

1
2
3
4        **Instructions to Clerk of Court**
         Service List - Not Part of Order/Judgment
5
6        The Clerk of Court is instructed to send the Order/Judgment or other
   court generated document transmitted herewith to the parties below.  The
7  Clerk of Court will send the Order via the BNC or, if checked ____, via the
   U.S. mail.
8
         Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if
9  appointed in the case), and __X__ Other Persons Specified Below:

10 Peter L. Fear, Esq.
   Fear Law Group
11 7750 North Fresno Street, Suite 101
   Fresno, CA 93720
12
   Michael J. Fletcher, Esq.
13 Walter & Wilhelm Law Group
   205 E. River Park Circle, Ste. 410
14 Fresno, CA 93720

15 Office of the U.S. Trustee
   U.S. Courthouse
16 2500 Tulare Street, Suite 1401
   Fresno, CA 93721
17
18
19
20
21
22
23
24
25
26
27
28